[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
The issue before the court is whether the plaintiff has sufficiently alleged a cause of action for reckless and wanton conduct. CT Page 8134
On January 12, 2001, the plaintiff, Michael Kepics, filed a six-count revised complaint against the defendants, Manor Inn, Inc. (Manor Inn), Mary Cantone, Outside Inn, Inc., Kathryn Lee, Lily Lake Inn, and Stephen J. Della Bella. The plaintiff alleges that he was injured in an automobile accident when Ronald J. Mace was driving behind him and rear-ended the plaintiff's vehicle and pushed it off the road. The plaintiff alleges that Mace was intoxicated at the time of the accident. The plaintiff alleges that the defendant violated General Statutes §30-102,[1] the Dram Shop Act, and engaged in reckless conduct because they sold alcohol to Mace when Mace was already intoxicated, allowed him to leave their establishments, and let him drive a motor vehicle. The Manor Inn then filed a motion to strike count two of the revised complaint, with an accompanying memorandum of law, on the ground that the plaintiff fails to allege sufficient facts to support a claim of wanton and reckless conduct.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558 (1999) "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions wanton misconduct, "the plaintiff must allege facts which would indicate that the defendants, or their agents, continued to serve a . . . [person alcohol] despite `observable manifestations of intoxications.'" (Internal quotation marks omitted.) Defosses v. Blauvelt, Superior Court, judicial district of New Britain, Docket No. 500393 (August 25, 2000, Kocay, J.) (28 Conn.L.Rptr. 126) (holding that the plaintiff's allegation that the defendants served alcohol to an "obviously intoxicated" person was sufficient); see also Lee v. The Splash Pacific Rim Grille, Superior Court, judicial district of New Haven at New Haven, Docket No. 399683 (March 3, 1999, Moran, J.) (24 Conn.L.Rptr. 233); Stewart v. Caisse, Superior Court, judicial district of New London at New London, Docket No. 544856 (July 2, 1999, Martin, J.) (25 Conn.L.Rptr. 15); Hussein v.540 Corporation, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147252 (January 16, 1998, D'Andrea, J.); Marinacciov. Zaczynski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565991 (May 14, 1998, Hennessey, J.); Carbone v.Wanda's Spirit Shop, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061548 (July 1, 1998, Flynn, J.) (providing a list of cases requiring allegations to include "observable manifestations or specific characteristics of intoxication"); Valle v. Andrews, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CT Page 8135 552111 (March 9, 1996, Hennessey, J.); Gumkowski v. U.S.S. Chowder Pot,III. Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 20, 1995, Hartmere, J.).
In his revised complaint, the plaintiff fails to allege any facts in count two that the defendant sold alcohol to Mace while he was obviously or observably intoxicated or that the server knew he was intoxicated. The plaintiff merely alleges that Mace, "while intoxicated, was sold alcoholic liquor by the defendant." (Count two ¶ 7.) Thus, the plaintiff has merely reiterated an action under the Dram Shop Act. See Khadijah v.Kourpouanidis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357611 (April 15, 1999, Melville, J.) (granting a motion to strike because the plaintiff only alleged a cause of action under the Dram Shop Act). "To state a sufficient claim for wanton or reckless conduct in the sale of liquor to an intoxicated person, the plaintiff must at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person." Carbone v.Wanda's Spirit Spirit Shoe, supra, Superior Court, Docket No. 061548; see also Shift v. My Brother's Place Ltd., Superior Court, judicial district of Middlesex at Middletown, Docket No. 065559 (March 5, 1993, Higgins,J.)
Because the plaintiff has failed to allege facts that would constitute reckless misconduct, the court grants the motion to strike count two of the revised complaint.
CHASE T. ROGERS, J.